IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIM. NO. 03-40025-01-JLF |
| ROBERT J. GREENWOOD, JR., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Before the Court are two motions filed by defendant Robert J. Greenwood, Jr. (Docs. 113,114). By way of background, defendant Greenwood is charged with:

Count 1: knowingly possessing thirty (30) stolen firearms in violation of 18 U.S.C. § 922(j) and § 924(a)(2);

Count 2: unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o);

Count 3: unlawful possession of an unregistered rifle in violation of 26 U.S.C. § 5861(d) and 5871; and

Count 4: being a felon of possession of firearms in violation of 18 U.S.C. § 922(g)(1).

*(Doc. 1, pp.1-6).*

Defendant's two motions are discussed below.

**I.  Motion to Dismiss Count Four of the Indictment.**

Defendant has filed a motion to dismiss Count Four of the indictment (Doc. 113). The government has filed a response (Doc. 126).

Count Four of the indictment charges defendant with being a felon in possession of numerous firearms in violation of 18 U.S.C. § 922(g)(1). Defendant has moved to dismiss Count IV on the ground that 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution which protects the right to keep and bear arms. As aptly noted by the government, however, this argument has been rejected on numerous occasions. *See e.g., U.S. v. Wilson,* 2002 WL 31387011 at *3 (N.D.Ill.,Oct 18, 2002) (rejecting defendant's argument that 18 U.S.C. § 922(g)(1) violates his Second Amendment right to bear arms); *Gillespie v. City of Indianapolis*, 185 F.3d 693, 710 (7th Cir.1999) (The Second Amendment establishes no right to possess a firearm "apart from the role possession of the gun might play in maintaining a state militia."). Accordingly, defendant's motion to dismiss Count Four of the indictment (Doc. 113) is denied.

**II.     Motion in Limine.**

Defendant has filed a motion in limine (Doc. 114). The government has filed a response (Doc. 125).

On December 3, 2002, two law enforcement officers arrested defendant by handcuffing him behind his back and placing him in the back seat of a police car. The officers then left the vehicle to search defendant's place of residence. While the officers were gone, defendant kicked out the back window of the police car and escaped on foot.

Defendant ran to a friend's house where the chain of the handcuffs were cut. Defendant stole a bike, then a truck, and then fled to his stepfather's residence. He then fled to New Haven, Illinois, where the rest of his handcuffs were removed. He then stole a van

and drove to Kankakee, Illinois, where he intended to get a false identification card. On December 8, 2002, while still in Kankakee, defendant was arrested for battery after engaging in a bar fight. Also on December 8, 2002, defendant was rearrested on the present charges. On December 9, 2002, and several times thereafter, defendant gave a detailed account of his criminal activities, including an account of what happened after he fled the scene of his original arrest.

Defendant has moved to exclude any and all evidence of his escape. Specifically, defendant moves to exclude all evidence between the time he kicked out the police car window on December 2, 2002, until the time he was rearrested on the present charges on December 8, 2002. Defendant argues that this evidence does not relate to the present charges and is therefore irrelevant. Defendant also argues that this evident has no probative value regarding defendant's guilt or credibility, and that it the evidence is so prejudicial that it will deprive him of a fair trial.

The United States Supreme Court has advised courts to be "wary of the probative value of flight evidence." *United States v. Williams*, 33 F.3d 876, 879 (7th Cir.1994), *cert. denied*, 514 U.S. 1028 (1995) (*citing Wong Sun v. United States*, 371 U.S. 471, 483 n. 10, (1963)). Under Federal Rule of Evidence 404(b), however, evidence of flight may be admissible to show consciousness of guilt, as well as guilt itself. *United States v. Skoczen,* 405 F.3d 537, 548 (7th Cir. 2005) *(citing United States v. Solomon*, 688 F.2d 1171, 1176 (7th Cir.1982); *United States v. Jackson*, 572 F.2d 636, 639 (7th Cir.1978)). The determination of the probative value of flight as circumstantial evidence of guilt depends upon the degree

of confidence with which these four inferences can be drawn: "(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." *Skoczen,* 405 F.3d at 548 (*citing United States v. Levine*, 5 F.3d 1100, 1107 (7th Cir.1993)).

Here, there appears to be ample evidence to support an inference that defendant fled from the scene of his original arrest due to his consciousness of guilt, and actual guilt, of the crimes charged. First, immediately before he fled, he had just admitted to Sheriff Ryker that he had stolen guns in the house. *(See Court's Memorandum and Order on Motion to Suppress, Doc. 89, p.4).* Furthermore, after he was re-arrested on December 8, 2002, defendant fully confessed to escaping, providing a detailed account of his travels, *and* he completely confessed to the current charges. *(See Court's Memorandum and Order on Motion to Suppress, Doc. 89, p.6).* Finally, the intensity and other circumstances of his escape, (i.e., attempting to cover his tracks by changing vehicles and by heading to the other end of the state), indicate that defendant was attempting to get as far away as possible, and as fast as possible, from the crime scene. The intensity of his escape and his stated intention to obtain a false identification card are also highly probative of consciousness of guilt, and of actual guilt.

As noted, defendant moves to exclude evidence related to his escape on the ground that it is unfairly prejudicial. The Comments to Federal Rule of Evidence 403 state that unfair prejudice means an "undue tendency to suggest decision on an improper basis,

commonly, though not necessarily, an emotional one." *Fed.R.Evid. 403 advisory committee's note.* District courts are to apply Rule 403 in a manner that favors the admission of relevant evidence, and only exclude evidence when unfair prejudice threatens to overwhelm its probative value. *Fed.R.Evid. 402.* The greater the probative value of the evidence, the more willing the court will be to tolerate some risk of prejudice. *United States v. Torres*, 977 F.2d 321, 328 (7th Cir.1992). Here, the Court finds that the anticipated evidence is highly probative of defendant's guilt, and that the risk of unfair prejudice created by the escape evidence is low. "All evidence is 'prejudicial' in the sense that it influences the jury's opinion, otherwise it would not be relevant." *U.S. v. Neely*, 980 F.2d 1074, 1086 (7th Cir. 1992).

The Court anticipates that at trial the government will present evidence sufficient to allow the jury to infer that defendant's escape is circumstantial evidence of defendant's guilt and consciousness of guilt. Defendant may renew this motion in limine at trial. Based upon the court's assessment of the facts of this case and the applicable law, the court concludes that the evidence of defendant's flight is relevant, and that the probative value of this evidence substantially outweighs the danger of unfair prejudice. Accordingly, defendant's motion in limine is denied at this time.

**III.   Summary.**

Based on the above, defendant's motion to dismiss Count 4 of the indictment (Doc. 113) is **DENIED**. Defendant's motion in limine (Doc. 114) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**  August 19, 2005.

s/ James L. Foreman
DISTRICT JUDGE
